UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES W. JAMES,
         Plaintiff(s),

vs.

NDEX WEST, LLC, et al.,
         Defendant(s).

No. C 10–0626 MHP

**ORDER DISMISSING COMPLAINT**

    Plaintiff filed this complaint for damages premised on three state law claims and on mail theft under 18 U.S.C. section 1702, seeking to assert jurisdiction both on diversity and federal question grounds. His claims, however, fail to state the requisite bases for conferring jurisdiction for the reasons set forth below.

    With respect to the federal question theory, the only claim asserted under any federal statute or law is under section 1702, which is not mail theft but obstruction of "correspondence". Section 1702 is a criminal statute and it does not create a private right of action or authorize a civil action for damages; it only authorizes the federal government to prosecute a criminal charge for a violation of the statute. *See Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340, n.20 (9th Cir. 1987)(holding that case law supports the position that there is no private right of action under section 1702); *see also Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D.Ill. 1975)("plaintiffs {in a civil action] are not the proper parties to enforce a federal criminal statute"); and *United States ex rel.*

*Pope v. Hendricks*, 326 F. Supp. 699, 701 (E.D.Pa. 1971)(section 1702 "designed to serve as authority for action by the United States Attorney and does not give rise to a cause of action for personal injuries"). Thus, having no basis in law for bringing a civil action under section 1702, there is no anchor for federal question jurisdiction.

That leaves only diversity jurisdiction which is improperly pled. To properly allege diversity jurisdiction plaintiff must state the citizenship of the respective parties. It is hornbook law that an allegation of residency does not qualify as an allegation of citizenship. *See, e.g., Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957); *Jeffcott v. Donovan*, 135 F.2d 213 (9th Cir. 1943). Even though plaintiff only alleges his own "residence" the court will assume that he is also a citizen of California for the purposes of this order. However, the complaint is deficient when it comes to defendant NDEx West' citizenship. Ordinarily a corporation's citizenship is based on its state of incorporation and its principal place of business; both of these must be alleged. Subparagraph © of 28 U.S.C. section 1332, conferring diversity jurisdiction on the district courts, spells out that a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business". Plaintiff only alleges the state of incorporation which he says Delaware. He fails to allege where its principal place of business is located.

Furthermore, of even greater consequence in this case, the defendant is alleged to be a Limited Liability Company. Allegations against an LLC must set forth where each member of the LLC is a citizen. An LLC is not treated as a corporation for the purpose of diversity jurisdiction. The law in this and other circuits is clear: citizenship for limited liability corporations is determined by the citizenship of its *members*. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The identity of the members and their citizenship is not alleged in plaintiff's complaint.

Rule 12(h)(3) of the Federal Rules of Civil Procedure specifically provides that if a "court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added). Thus, courts have routinely held that the question of diversity jurisdiction may be raised *sua sponte*. *See, e.g., Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

On its face the complaint in this case fails to show that there is diversity jurisdiction. Since there can be no federal question jurisdiction and diversity jurisdiction is not properly pled, this court is without jurisdiction and must dismiss the complaint.

The court notes that the gravamen of this complaint stems from the failure of defendants to accept service of process in an action plaintiff filed in state court. Plaintiff alleges in this action that the defendant wrongfully represented facts about the service and moved to quash service and set aside the entry of default plaintiff had obtained. It is not clear what happened to that action. It may still be pending. But, from all of this plaintiff claims he suffered $300,000 in general damages plus other damages.

This all seems spurious to this court. Plaintiff's remedy is in the state court action, which may still be pending or which plaintiff may be able to reopen. Courts are generally loathe to enter default judgment instead of deciding a case on its merits. The state court could allow for proper service of process if it quashes service; it could penalize the defendant or persons acting on behalf of defendant by contempt, sanctions or other remedial action; and plaintiff could have his day in court as he originally sought to do by filing that action. The remedy is not to come to this court for relief from what happened in state court. The state court is fully capable of redressing grievances that occurred before it. For this court to entertain this action this court would be interfering with the state court's jurisdiction and obligations, which principles of abstention prevent this court from doing.

Therefore, for the reasons stated above, the complaint in this action is DISMISSED for lack of jurisdiction and because plaintiff's remedy for the actions he complains of here is properly in the state court where he filed his original action against defendant. This dismissal is without prejudice to plaintiff renewing his claims in state court.

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Date: March 3, 2010

MARILYN HALL PATEL
United States District Court Judge